## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **HAPPY FEET - LEGENDS INTERNATIONAL, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No.** |
| **JASON COLE** | ) | |
| **48 Spring Drive** | ) | **Jury Trial Demanded** |
| **Dumont, NJ 07628** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **UNION HAPPY FEET LEGENDS, LLC** | ) | |
| **Serve: Registered Agent** | ) | |
| **Jason Cole** | ) | |
| **48 Spring Drive** | ) | |
| **Dumont, NJ 07628** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **BREAKOUT SPORTS, LLC** | ) | |
| **Serve: Registered Agent** | ) | |
| **Jason Cole** | ) | |
| **4 W Palisade Ave, # 1082** | ) | |
| **Englewood, NJ 07631** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF</u>

Plaintiff Happy Feet – Legends International Inc. hereby states as follows for its Complaint against Jason Cole ("Cole"), Union Happy Feet Legends, LLC ("Union"), and Breakout Sports, LLC ("Breakout," and together with Cole and Union collectively, the "Defendants"):

### NATURE OF THE CASE

1.    Founded in 1989, the Happy Feet – Legends International ("HFLI") Soccer Club organization started in Kansas City and now has sister clubs throughout the United States. The hallmark of all HFLI teams is superb individual skill, notably deceptive dribbling and goal scoring.

2.      Since its founding, HFLI has operated the HappyFeet program of soccer instruction for children ages 2 through 7 throughout the United States through their proprietary, professionally developed "story time with a soccer ball" curriculum.

3.      HappyFeet is a part of HFLI's larger method and system (the "System"), which was developed through skill, effort and resources for the development and operation of preschool soccer clinics, day care soccer clinics, soccer leagues, premier and recreational coaching clinics, academies, camps, tournaments, tours, and merchandise. This System includes, without limitation: HFLI's marks and all related names, trademarks, service marks, logos, copyrights, and associated goodwill; distinctive designs, color schemes and trade dress and signage; an operations manual incorporating required standards, procedures, policies, and techniques; and advertising, marketing, and promotional programs.

4.      Defendant Cole and his company Defendant Union Happy Feet Legends, LLC operated HappyFeet franchises in at least two locations in New Jersey and entered into Franchise Agreements governing the parties' respective rights and obligations for the operations of those franchises.

5.      Cole and Union have breached various provisions of the Franchise Agreements by refusing to pay certain fees due and owing and by further refusing to provide financial documentation to allow HFLI to determine the full amounts owed.

6.      In addition to breaching their financial obligations, Cole and Union have engaged and continue to engage in conduct prohibited by the Franchise Agreements. Cole and Union have wrongfully taken proprietary, confidential documents and information from the HFLI System and used them to create and begin operating Defendant Breakout Sports LLC, a competitor company

that offers youth soccer services identical or near-identical to those offered by HFLI and its HappyFeet program.

7.       Defendants have wrongfully marketed and continue to market Breakout as though it is affiliated with HappyFeet and not the competitor organization that it is. In furtherance of this wrongful conduct, Defendants are utilizing HFLI's valid and protectible trademarks, other Proprietary Marks,[1] intellectual property and tangible property and have converted HFLI's websites, domain names and social medial accounts.

8.       Defendants continue to breach their contractual obligations to HFLI, commit trademark infringement, unfairly compete, and engage in tortious conduct designed to interfere with HFLI's business relationships and business expectancies and to confuse, deceive the public as to the true nature of Defendants' services.

9.       HFLI therefore seeks a temporary restraining order and preliminary injunction, in addition to other available remedies, to prevent Defendants' wrongful conduct and preserve HFLI's rights under the Franchise Agreements, under federal statutes, and at common law.

**THE PARTIES**

10.       HFLI is a corporation organized under Kansas law with its principal place of business in Merriam, Kansas.

11.       Defendant Jason Cole ("Cole") is an individual residing at 48 Spring Drive, Dumont, Bergen County, New Jersey, 07628.

---

[1] Capitalized terms used but not defined herein have the same meaning as set forth in the Franchise Agreement.

12.     Defendant Union Happy Feet Legends LLC ("Union") is a limited liability company organized under the laws of New Jersey with its principal place of business at 48 Spring Drive, Dumont, Bergen County, New Jersey, 07628.

13.     Upon information and belief, Union is a single-member LLC and Cole is the sole member.

14.     Defendant Breakout Sports LLC ("Breakout") is a limited liability company organized under the laws of New Jersey with its principal place of business at 48 Spring Drive, Dumont, Bergen County, New Jersey, 07628.

15.     Upon information and belief, Breakout is a single-member LLC and Cole is the sole member.

## JURISDICTION AND VENUE

16.     This action arises under 15 U.S.C. §§ 1114 and 1125(a) of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and Kansas common law.

17.     The Court has federal subject matter jurisdiction over this action pursuant to the Lanham Act 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338.

18.     The Court has supplemental jurisdiction over the state common law claims because these claims form part of the same case and controversy under Article III of the United States Constitution, pursuant to 28 U.S.C. §1367.

19.     Alternatively, this Court has diversity subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this is an action between citizens of different states and the amount in controversy exceeds $75,000.

20.     This Court has personal jurisdiction over Defendants because:

    a.  Defendants contractually agreed to submit to the exclusive jurisdiction and venue of the Kansas courts;

    b.  The causes of actions asserted herein arise out of and relate to Defendants' purposeful contacts with the State of Kansas; and

    c.  Defendants have had significant and continuous contacts in Kansas and voluntarily entered into contracts with HFLI in Kansas with full knowledge that harm resulting from their conduct would be suffered in Kansas.

    d.  The harm suffered arises out of the contracts signed in Kansas.

21.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3) and 28 U.S.C. § 1400.

## FACTS COMMON TO ALL COUNTS

### A.    The HappyFeet Program and Curriculum

22.    HFLI's HappyFeet program provides introductory soccer experiences and skill development for children ages 2 through 7 with a progressive curriculum specifically designed for each age group: Little Toes for 2s (for children age 2), Big Toes for 3s (for children age 3), HappyFeet for 4s and 5s (for children age 4-5), and Future Legends (for children age 5-7).

23.    A recognizable part of the HappyFeet curriculum includes Bob the Bobcat, a yellow soccer ball adorned with paw prints, a large smiley face, and the HappyFeet logo. Students take Bob the Bobcat on adventures and learn to tame Bob the Bobcat with deceptive dribbling and ball striking skills:



24.    HFLI is the owner of a federal trademark registration, Reg. No. 4405918 issued by the United States Patent and Trademark Office ("USPTO") on September 24, 2013 for the HAPPYFEET MARK (the "HappyFeet Mark"):



25.    A prior version, the HAPPYFEET LEGENDS MARK, Reg. No. 3786029 was issued by the USPTO on November 17, 2009.

26.    Since its inception, HFLI has extensively and continuously used and promoted its trademark in connection with its youth soccer services, which has resulted in extensive sales under the HappyFeet Mark.

27.    As a result of HFLI's continuous and exclusive use of the HappyFeet Mark in connection with its products, the HappyFeet Mark enjoys wide public acceptance and association with HFLI and has come to be recognized widely and favorably by the public as an indicator of the origin of HFLI's services.

28.    Defendants have used the HappyFeet Mark on, at least, Breakout's social media accounts, to divert customers from HFLI to Breakout where Defendants do not offer and cannot

offer HFLI's services and products. However, Defendants, upon information and belief, will provide Defendants' services to the customer, thereby deceptively luring unsuspecting customers away from HFLI's services to Breakout's services through the use of the HappyFeet Mark.

29.     HFLI and its staff photograph various HappyFeet classes and events. With the written consent of the students' parents or guardians, HFLI uses the photographs to exhibit, promote, and sell HFLI's services on its website, social media and other various forms of print media and marketing materials.

30.     No entity other than HFLI has been granted the right to use HFLI's photographs. Further, HFLI has not granted any entity the right to sell its services using its photographs.

31.     Defendants, however, have appropriated HFLI's photographs and used the photographs and HFLI's reputation in the market to sell Breakout's services to the detriment of HFLI.

**B.     Cole and Union's Operation of HappyFeet Franchises**

32.     On August 12, 2012, Cole and Union entered into a Franchise Agreement with HFLI to establish a HappyFeet franchise in Essex County, New Jersey. A copy of that Franchise Agreement (the "Essex County Agreement") is attached hereto as Exhibit A.

33.     On February 11, 2015, Cole and Union entered into a Franchise Agreement with HFLI to establish a HappyFeet franchise in Bergen County, New Jersey. A copy of that Franchise Agreement (the "Bergen County Agreement") is attached hereto as Exhibit B.

34.     The Essex County Agreement and the Bergen County Agreement (collectively, the "Franchise Agreements") provide that any claim, controversy, or dispute "shall be resolved by a proceeding in a court in Kansas," and further provided that Cole and Union "irrevocably accept

the jurisdiction of the courts of the state of Kansas and the Federal Courts located in Johnson County, Kansas."

35.     The Franchise Agreement further provide that in the event Cole and/or Union breaches certain obligations of the Franchise Agreements, they agree "money damages would not adequately compensate Franchisor for such violations and Franchisor shall be entitled, without showing any actual damages it has sustained and in addition to any other remedies it may have, to injunctions or other appropriate orders to restrain any such breach by Franchisee."

36.     Under the terms of the Franchise Agreements, Cole and Union were obligated to pay certain fees to HFLI, including but not limited to: Periodic Franchise Fees, Periodic Advertising Fees, and other additional fees. Defendants agreed not to withhold any of fees or other amounts due for any reason.

37.     Under the terms of the Franchise Agreements, Cole and Union were obligated to prepare and preserve complete and accurate financial records concerning all financial, operating, marketing and other aspects of the HappyFeet franchises. Defendants were obligated to provide certain financial information to HFLI on a monthly and yearly basis and to make such records available at HFLI's request.

38.     Under the terms of the Franchise Agreements, any and all Proprietary Marks (including but not limited to trade names, service marks, trademarks, emblems and indicia of origin to identify for the public the source of services and products marketed by HappyFeet ) are HFLI's "sole and exclusive property" and Cole and Union have "no right to use . . . any name, mark or other intangible property right . . . or any name or mark confusingly similar thereto, except in connection with the operation of the franchise."

39.     The Franchise Agreements further provide that "all artwork, graphics, layouts, slogans, names, titles, text or similar materials incorporating, or being used in connection with, the Proprietary Marks that may be created by [Cole or Union], its employees, agents and subcontractors and any other party with whom it may contract to have such materials produced . . . shall become the sole property of HFLI."

40.     The Franchise Agreements imposed confidentiality and non-competition obligations, which prohibit Defendants from engaging in any acts designed to injure HFLI, including but not limited to: (i) diverting or attempting to divert actual or prospective business or customers to any competitors; (ii) performing any act that injures or prejudices the goodwill associated with HFLI, its System, or Proprietary Marks; and (iii) employing or seeking to employ anyone who has been employed by HFLI within one year or to otherwise induce such a person to leave their employment with HFLI. These obligations remain in force during the term of the agreement and survive the termination or expiration of each of the Franchise Agreements for three years after termination or expiration.

41.     Defendants are further prohibited from owning, maintaining or associating with any businesses offering the same or similar services offered by HFLI. These obligations also remain in force during the term of each of the Franchise Agreements and survive the termination or expiration of each of the Franchise Agreements for three years after termination or expiration.

42.     Given the potential difficulty in quantifying damages tied to a breach of the non-competition provisions, the Franchise Agreements each specify that HFLI shall be entitled to liquidated damages, in addition to other available remedies.  The Franchise Agreements specify that liquidated damages are to be "equal to the average Service fee paid to [HFLI] (computed on a monthly basis) during the most recent six (6) months of full operation of the franchise prior to

termination for each month that Franchisee operates a competing business in violation" of the Franchise Agreements.

## C.    Cole and Union's Breaches of the Franchise Agreements

43.    Until 2021, HFLI, Cole and Union performed their respective obligations under the Franchise Agreements, and the parties continued to engage in a course of performance and a course of dealing to establish a common understanding that the Franchise Agreements remained in full force and effect.

44.    In operating their HappyFeet franchises, Cole and Union maintained a website for those franchises at www.happyfeeetnj.com (the "HappyFeet New Jersey website").

45.    Beginning in at least 2021, Cole and Union stopped providing HFLI with the financial documentation they were required to prepare and maintain under the Franchise Agreements.

46.    Also beginning in at least 2021, Cole and Union stopped remitting fees due and owing under the Franchise Agreements

47.    Despite not paying the required fees under the Franchise Agreements, Defendants Cole and Union continued to operate HappyFeet classes and use the HappyFeet Mark, the HappyFeet curriculum, HappyFeet-branded apparel, Bob the Bobcat soccer balls and other HappyFeet tangible and intellectual property in the operation of their franchises.

## D.    Defendant Cole's Competitor Organization: Breakout Sports LLC

48.    In March 2022, Cole formed Defendant Breakout Sports LLC ("Breakout").

49.    At some point after March 2022, HFLI became aware of Breakout.  But, upon information and belief, at that time, Breakout was offering programming in sports other than soccer

independently from HFLI while still providing all soccer programming through HappyFeet under the terms of the Franchise Agreements.

50.      Breakout essentially functioned as an umbrella organization for various sports, but soccer programming was still offered through Cole's and Union's franchise relationship with HFLI and HappyFeet.

51.      At first, Breakout directed all online soccer inquiries back to the www.happyfeetnj.com web address that Cole and Union used for all HappyFeet programming in Defendants' franchise territories, and participants registered for HappyFeet classes and programming just as they had before Cole formed Breakout.

52.      On May 12, 2023, however, Cole notified HFLI that he no longer wanted to be part of the HFLI network.  At roughly the same time, Defendants changed the HappyFeet New Jersey website to include a red banner at the top of the site that proclaimed: "HappyFeet is now with BREAKOUT SPORTS Summer Registration is open!" The banner contained a link that automatically redirected the user to Breakout's website.



53.      The website further stated, in large red lettering: Happyfeet NJ is now with Breakout Sports!!! Same class you love, just under a new home! HEAD OVER TO BREAKOUT SPORTS NJ TO FIND YOUR SOCCER CLASS FOR YOUR LITTLE ONE OR YOU CAN CHECK OUT ONE OF THE MANY OTHER SPORTS THAT BREAKOUT SPORTS HAS TO OFFER!!!!!!"

89653156.4



54. Breakout provides youth soccer services the same as or similar to those offered by HFLI through its HappyFeet franchises. Specifically, Breakout advertises soccer programming for various age groups, including: BOS Lil Toes (for children ages 2-3), BOS Big Toes (for children ages 3-4), BOS Soccer (for children ages 5-6), BOS Soccer Skills Training Juniors (for children ages 6-8) and BOS Soccer Skills Training Seniors (for children ages 9-12).

55. Breakout's registration platform references "HappyFeet" in the soccer offerings:



56. But after May 12, 2023, when participants seek to register for what Breakout still refers to as HappyFeet classes or programs, those registrations are retained at Breakout.

57.     In fact, as early as May 24, 2023, the www.happyfeetnj.com web address is expired and no longer active:



58.     Defendants also changed the HappyFeet social media accounts for the New Jersey franchises, changing the user or profile name from "HappyFeet NJ" to "Breakout Sports NJ" or some variation thereof.

59.     By changing the social media accounts, Breakout provides users with the false impression that prior social media activity, such as posts, likes and other engagement belong to Breakout when they in fact belong to HFLI. These social medial posts include the HappyFeet Mark and other Proprietary Marks, materials, and intellectual property belonging to HFLI, providing users with the false impression that Breakout is affiliated with, approved by, or otherwise connected to HFLI.

60.     For example, Breakout's Instagram account has contained and continues to contain multiple posts that include the HappyFeet Mark and contain HappyFeet photographs and videos:

89653156.4

 

61.     Breakout's Facebook page similarly displays photos of children engaged in HappyFeet classes and using the HappyFeet Bob the Bobcat soccer balls and instructors wearing HappyFeet-branded apparel.



62.     Upon information and belief, Defendants do not have the parents or guardians' consent to use the HappyFeet photographs depicting the children engaged in HappyFeet classes.

89653156.4

63.     Defendants have used and continue to use HappyFeet intellectual property – including but not limited to the HappyFeet Mark and other Proprietary Marks, photographs, domain names, websites, templates, and curriculum – in advertising Breakout's soccer program.

64.     Upon information and belief, Defendants have taken other HFLI proprietary documents and utilized them in creating and operating Breakout.

## COUNT I
### Trademark Infringement in Violation of Federal Statute (15. U.S.C. § 1114(1))

65.     HFLI re-asserts, re-alleges and incorporates as if fully set forth herein all previous allegations.

66.     This is a claim for infringement of HFLI's HappyFeet Mark, which is registered with the USPTO and is both valid and protectable.

67.     Defendants' use of the HappyFeet Mark and/or confusingly similar trademarks to attract customers is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' services are designed by, provided by, and/or associated or connected with HFLI, or have the sponsorship, endorsement, or approval of HFLI, in violation of 15 U.S.C. § 1114(1)

68.     Defendants used the HappyFeet Mark in commerce and without HFLI's consent.

69.     Defendants' conduct also constitutes an attempt to trade on the goodwill that HFLI has developed in the HappyFeet Mark, all to the damage of HFLI.

70.     By their conduct, Defendants have caused HFLI irreparable harm, damage, and injury and will continue to do so unless restrained and enjoined by this Court from further infringing the HappyFeet Marks.

## COUNT II
## Unfair Competition in Violation of Federal Statute (15 U.S.C. § 1125(a))

71.     HFLI re-asserts, re-alleges and incorporates as if fully set forth herein all previous allegations.

72.     This is a claim for unfair competition, arising from Defendants' unlawful acts, including, without limitation, use of a false designation of origin which is likely to cause confusion, mistake, or deception as to origin, sponsorship, or approval, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

73.     Defendants' conduct constitutes an attempt to trade on the goodwill that HFLI has developed in the HappyFeet Mark and other Proprietary Marks, all to the damage of HFLI.

74.     Defendants' actions demonstrate an intentional, willful, and malicious intent to deceive, cause confusion, and trade on the goodwill associated with HFLI to HFLI's great and irreparable harm.

75.     By their conduct, Defendants have caused HFLI irreparable harm, damage, and injury and will continue to do so unless restrained and enjoined by this Court from further unfairly competing with HFLI by infringing the Happy Feet Mark and HFLI's other Proprietary Marks,

## COUNT III
## Common Law Trademark Infringement and Unfair Competition

76.     HFLI re-asserts, re-alleges and incorporates as if fully set forth herein all previous allegations.

77.     Defendants' acts constitute common law trademark infringement and unfair competition and have created and will continue to create a likelihood of confusion to the irreparable injury of HFLI.

89653156.4

78.     Defendants acted with full knowledge of HFLI's use of, and statutory and common law rights to, the HappyFeet Mark and HFLI's other Proprietary Marks and without regard to the likelihood of confusion of the public created by Defendants' activities.

79.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with HFLI to the great and irreparable injury of HFLI.

80.     By their conduct, Defendants have caused HFLI irreparable harm, damage, and injury and will continue to do so unless restrained and enjoined by this Court from further infringing and unfairly competing with HFLI by infringing the HappyFeet Mark and HFLI's other Proprietary Marks.

**COUNT IV**
**Breach of Contract**

81.     HFLI re-asserts, re-alleges and incorporates as if fully set forth herein all previous allegations.

82.     As set forth hereinabove, the Franchise Agreements constituted valid contracts between HFLI and Defendants Cole and Union.

83.     Moreover, the parties engaged in a course of performance and course of dealing demonstrating that the Franchise Agreements constituted valid contracts between HFLI and Cole and Union and remained in full force and effect at all times relevant to this litigation.

84.     As set forth hereinabove, the Franchise Agreements imposed obligations, requirements and/or duties upon Cole and Union to, among other things: (i) remit certain fees to HFLI on a regular basis; (ii) maintain financial and other records and submit such records to HFLI on a regular basis; (iii) allow HFLI to inspect and/or audit Defendants' financial records; (iv) refrain from utilizing HFLI's Proprietary Marks and other intellectual property; (v) refrain from diverting or attempting to divert actual or prospective business or customers to any competitors;

(vi) refrain from performing any act that injures or prejudices the goodwill associated with HFLI, its System, or Proprietary Marks; and (vii) refrain from employing or seeking to employ anyone who has been employed by HFLI within one year or to otherwise induce such a person to leave their employment with HFLI; and (viii) refrain from owning, maintaining or associating with any businesses offering the same or similar services offered by HFLI.

85.     Cole and Union breached and continue to breach provisions of the Franchise Agreements by their conduct set forth hereinabove.

86.     By so doing, Cole and Union have violated the express terms of the Franchise Agreements, thus breaching, and repudiating their terms and, indeed, frustrating the entire purpose of such contracts.

87.     HFLI is not in breach of the Franchise Agreements and has fulfilled its obligations under the contracts.

88.     Despite due demand, the above breaches of the Franchise Agreements have not been cured by Cole or Union.

89.     Cole and Union's acts, omissions and wrongful conduct breached the express terms of the Franchise Agreements as well as the covenant of good faith and fair dealing implied as a matter of law in the contracts.

90.     Cole and Union's actions constitute acts of bad faith and willful misconduct.

91.     As a direct result of Cole and Union's bad faith and willful breaches of the Franchise Agreements and the covenant of good faith and fair dealing implied therein, HFLI has suffered actual and continuing harm.

92.     Cole and Union's unlawful conduct has caused and, unless restrained, will continue to cause damages and irreparable harm to HFLI.

89653156.4

## COUNT V
### In the Alternative, Unjust Enrichment

93.     HFLI re-asserts, re-alleges and incorporates as if fully set forth herein all previous allegations.

94.     At all times relevant to this litigation, Defendants owed a legal duty to HFLI to not commit wrongful acts to enrich itself at HFLI's expense

95.     Defendants were conferred a benefit by Cole and Union's operation of HappyFeet franchises and their attendant access to the HFLI System.

96.     Defendants have acknowledged the benefit conferred by Cole and Union's operation of HappyFeet franchises and their attendant access to the HFLI System.

97.     Despite this acknowledgement and despite their unconditional obligations under the Franchise Agreements, Cole and Union have failed to pay or reimburse HFLI for any of the amounts due and owing under the Franchise agreements.

98.     Defendants were conferred a further benefit by wrongfully converting, taking, utilizing and displaying HFLI's photographs, documents, templates, the Happy Feet Mark and other Proprietary Marks and other intellectual property on its websites, social media and in other marketing materials to sell its youth soccer services.

99.     By reason of the foregoing Defendants have been unjustly enriched, to HFLI's detriment.

100.    Defendants' unlawful conduct has caused and, unless restrained, will continue to cause damages and irreparable harm to HFLI.

101.    HFLI has no adequate remedy at law.

89653156.4

## COUNT VI
## Injunctive Relief

102.   HFLI re-asserts, re-alleges and incorporates as if fully set forth herein all previous allegations.

103.   If Defendants are permitted to continue breaching the Franchise Agreements and engaging in the misconduct described herein, HFLI will continue to suffer substantial, irreparable, and immediate harm, including, but not limited to, irreparable damage injury to its brand and reputation, irreparable confusion around the HappyFeet Mark, loss of its customer base and relationships in each of the New Jersey franchise locations, loss of brand loyalty and goodwill, loss of or damage to the ability to fairly compete in the franchise locations, and adverse impact on the ability to sell franchises to other franchisees in the franchise locations.

104.   HFLI has established a likelihood of success on the merits of its claims against Defendants because Defendants are actively misusing the HappyFeet Mark and are plainly operating a competing business in violation of the non-competition provisions in the Franchise Agreements.  As such, injunctive relief is necessary to preserve HFLI's intellectual property and contractual rights to maintain the value of its business, including the HappyFeet Mark, HFLI's brand and reputation, its customer base and relationships, its brand loyalty and goodwill, its ability to fairly compete in its franchise locations, and its ability to sell franchises to other franchisees in the franchise locations.

105.   HFLI does not have an adequate remedy at law because the value of past and ongoing irreparable harm, including, but not limited to, the damage to its intellectual property rights, customer relationships, brand reputation, and goodwill is difficult to determine and value.

89653156.4

106.    The balance of equities and the public interest favors issuance of HFLI's requested injunctive relief because the past and continuing damage to HFLI outweighs any potential injury to Defendants.

107.    HFLI is entitled to temporary, preliminary, and permanent injunctive relief against Defendants to restrain them from violating and continuing to violate the Franchise Agreements and HFLI's intellectual property rights.

108.    Defendants Cole and Union have contractually agreed to injunctive relief for their breaches of the Franchise Agreements relating to misuse of the HappyFeet Mark or other HFLI intellectual property and to obligations, like the non-competition obligations, that survive the termination or expiration of the Franchise Agreements.

109.    HFLI requests that the Court enter temporary, preliminary, and permanent injunctive relief enjoining Defendants from using the HappyFeet Mark, from owning or operating a competing soccer business through defendant Breakout or any other individual or entity, and from diverting customers away from HappyFeet programming to other soccer programming through an entity or organization owned, directly or indirectly, by Cole or those in privity with Cole.

## COUNT VII
### Tortious Interference with Business Expectancy

110.    HFLI re-asserts, re-alleges and incorporates as if fully set forth herein all previous allegations.

111.    Through the operation of HappyFeet franchises, HFLI has had longstanding business relationships with parents, families, caregivers, day cares and schools to provide youth soccer services in HappyFeet's various franchise areas.

112.    HFLI had business expectancies with parents, families, caregivers, day cares and schools in the respective franchise areas with the probability that those relationships would continue and provide future economic benefit to HFLI.

113.    Defendants were aware of these relationships and expectancies.

114.    But for Defendants' acts, omissions and wrongful conduct, HFLI was reasonably certain to have continued its relationships and/or realized its expectancies.

115.    Defendants' conduct was intentional, malicious, and designed to divert existing and prospective HappyFeet customers away from HFLI and/or to confuse such customers into believing they were conducting business with HFLI.

116.    Defendants' unlawful conduct has caused and, unless restrained, will continue to cause damages and irreparable harm to HFLI.

117.    By reason of the foregoing, HFLI is entitled to recover compensatory and punitive damages for Defendants' tortious conduct in an amount to be determined at trial, together with interest at the maximum rate provided by law.

**Count VIII**
**Conversion**

118.    HFLI re-asserts, re-alleges and incorporates as if fully set forth herein all previous allegations.

119.    At all times relevant to this litigation, Defendants owed a legal duty to HFLI to not convert HFLI's documents, photographs, and other intellectual property Defendants' own use and benefit.

120.    Defendants breached that duty on more than one occasion and such breach was and continues to be the proximate cause of harm to HFLI.

121. Defendants' unlawful conduct has caused and, unless restrained, will continue to cause damages and irreparable harm to HFLI.

122. By reason of the foregoing, HFLI is entitled to recover compensatory and punitive damages for Defendants' tortious conduct in an amount to be determined at trial, together with interest at the maximum rate provided by law.

RELIEF SOUGHT

WHEREFORE, HFLI requests that this Court:

A. Grant preliminary and permanent injunctive relief enjoining Defendants and their related entities, agents, servants, employees, successors, ad assigns, and all those in privity, acting in concert, or in participation with them, from further breaching the Franchise Agreements, including, without limitation, by using the HappyFeet Mark and HFLI's other Proprietary Marks, including, but not limited to use on promotional signs, an entity, corporate, or other trade name, in any domain name, and online.

B. Grant preliminary and permanent injunctive relief enjoining Defendants and their related entities, agents, servants, employees, successors, and assigns and all those in privity, acting in concert, or in participation with them from:

   i. imitating, copying, duplicating, manufacturing, producing, circulating, or otherwise making any use of the HappyFeet Mark and HFLI's other Proprietary Marks or any mark confusingly similar to the HappyFeet Mark and HFLI's other Proprietary Marks;

   ii. using any unauthorized copy or colorable imitation of the HappyFeet Mark and HFLI's other Proprietary Marks, or false designation of origin or description, in such fashion as is likely to relate or connect Defendants with

23

HFLI or the HappyFeet Mark and HFLI's other Proprietary Marks or cause confusion;

iii.      using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, to believe mistakenly that any service advertised, promoted, offered, or sold by Defendants is sponsored, endorsed, connected with, approved, or authorized by HFLI;

iv.      causing likelihood of confusion or injury to HFLI's business reputation and to the distinctiveness of the HappyFeet Mark or HFLI's other Proprietary Marks by unauthorized use of identical or confusingly similar marks;

v.      engaging in any other activity constituting unfair competition or infringement of the HappyFeet Mark or HFLI's rights in, or to use, or to exploit the same;

vi.      diverting or attempting to divert any business or customer of the Defendants' franchises or HFLI's company-owned or franchised businesses to any competitor;

vii.      employing or seeking to employ any person who is now or has been within one year employed by HFLI or any other HFLI franchisee; and

viii.      owning, maintaining, advising, being employed by, consulting for, making loans to, operating, or engaging or having an ownership interest in any soccer franchise, club or operation offering the same or similar services offered by HFLI within one hundred miles of Defendants' franchise

89653156.4

locations, including, but not limited to, owning or operating Breakout's soccer programming and related offerings.

    ix.   assisting, aiding, or abetting another person or business entity in engaging or performing any of the activities enumerated in paragraphs (i) – (viii) above.

C.  Find Defendants liable for the causes of action alleged against them in this Complaint.

D.  Find Defendants liable and award HFLI monetary damages in an amount to be fixed by the Court in its discretion as just, including, but not limited to:

    i.   the amounts owed under HFLI's breach of contract claim;

    ii.   in the alternative, restitution in an amount to be determined at trial;

    iii.   compensatory and punitive damages for Defendants' conducts for their tortious interference with existing contractual relations; tortious interference with business expectancy, and conversion, in an amount to be determined at trial;

    iv.   all of Defendants' profits or gains of any kind resulting from Defendants' willful infringement and/or acts of unfair competition, and any damages HFLI suffered as a result of Defendants' actions pursuant to 15 U.S.C. § 1117(a); and

    v.   HFLI's reasonable attorneys' fees, costs, and exemplary damages in view of the intentional nature of the acts complained of in this Complaint and the exceptional nature of this case, pursuant to 15 U.S.C. § 1117(a), and applicable common law, state statutory law, and federal law.

E.  Award HFLI pre-and post-judgment interest on any monetary award made part of the

judgment against Defendants; and

F.  All other relief the Court deems just and proper.

**JURY DEMAND**

HFLI demands a trial by jury on all issues so triable.


Dated: May 25, 2023

Respectfully submitted,

POLSINELLI PC


By:*s/ Andrew J. Ennis* _____

ANDREW J. ENNIS (KS # 22445)
JENNIFER J. ENG (KS #79056)
900 W. 48th Place, Suite 900
Kansas City, MO 64112
 (816) 753-1000
Fax No: (816) 753-1536 Fax
aennis@polsinelli.com
jeng@polsinelli.com

**ATTORNEYS FOR PLAINTIFF HAPPY
FEET - LEGENDS INTERNATIONAL, INC.**

**VERIFICATION**

STATE OF KANSAS          )
                         )
COUNTY OF JOHNSON        )


    COMES NOW Poli Hanna, Vice President of HappyFeet – Legends International, Inc., being of lawful age and first duly sworn upon his oath, and states that she he has read the Complaint and that the facts stated therein are true and correct to the best of his knowledge and belief.

POLI HANNA
Vice President, Happy Feet – Legends
International, Inc.


Subscribed and sworn to before me, this 24th day of May, 2023.

Notary Public


My Commission Expires:


KIM SARTAIN
Notary Public-Notary Seal
STATE OF MISSOURI
Jackson County
My Commission Expires 3/24/2027
Commission # 15424786